UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOMINION TRANSMISSION, INC.,

          Plaintiff,

v.

AN EXCLUSIVE EASEMENT TO USE
THE ORISKANY FORMATION FOR
STORAGE AND PROTECTION OF
NATURAL GAS UNDERNEATH
PROPERTIES IN STEUBEN COUNTY,
NEW YORK, OWNED BY ARMSTRONG
TELEPHONE CO. (PARCEL I.D. NO.
364.05-01-010.000), KELLY J. KEESEY
(PARCEL I.D. NO. 345.20-01-003.200),
TERRY A. PIERCE (PARCEL I.D. NO.
346.00-01-042.000), H.C. DRILLING
CORPORATION (PARCEL I.D. NO.
364.05-02-051.000), LEWIS STEWART
(PARCEL I.D. NO. 399.00-01-005.000),
AND UNKNOWN OWNERS,

          Defendants.
_____

Case # 16-CV-6693-FPG

DECISION AND ORDER

## INTRODUCTION

  On October 20, 2016, Plaintiff Dominion Transmission, Inc., filed a Complaint against Defendants[1] pursuant to the Natural Gas Act, 15 U.S.C. § 717 *et seq.* and Federal Rule of Civil Procedure 71.1. ECF No. 1. Specifically, Dominion wants to acquire subsurface easements for the transportation and storage of natural gas under properties owned by Defendants. *Id.* After filing the Complaint, Dominion reached agreements to obtain easements from all Defendants except H.C. Drilling Corporation and Lewis Stewart. ECF No. 19 at 3. After searching public

---

[1] Armstrong Telephone Co., Kelly J. Keesey, Terry A. Pierce, H.C. Drilling Corporation, Lewis Stewart, and other unknown owners.

1

records, Dominion did not find contact information for H.C. and Stewart. *Id.* Consequently, Dominion served both Defendants by publication under Federal Rule of Civil Procedure 71.1(d)(3)(B). ECF No. 8.

Currently before the Court is Dominion's motion for summary judgment as to H.C. and Stewart. ECF No. 18.

## BACKGROUND

The Woodhull Storage Complex is a natural gas storage field that Dominion owns and operates in Steuben County, New York. *See* ECF No. 1. The Federal Power Commission, the predecessor to the Federal Energy Regulatory Commission ("FERC"), authorized Dominion to develop the Complex by granting Dominion's predecessor-in-interest a Certificate of Public Convenience and Necessity on June 14, 1957. *See id.*, Ex. A. Dominion has continuously operated the Complex since 1957. *See id.*

On November 17, 2011, FERC granted Dominion a Certificate of Public Convenience and Necessity for the existing protective boundary around the Complex and authorized a reduction in the active reservoir acreage. According to the 2011 FERC Certificate, 5,472.27 acres are required for the 2,000 foot protective boundary and Dominion possessed the storage rights for 4,850.65 acres. *See id.* Dominion made offers to acquire the remaining 621.62 acres, but did not do so. *See* ECF No. 1, ¶ 7.

On October 20, 2016, Dominion filed this action pursuant to 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1. ECF No. 1. Dominion reached agreements to acquire the necessary storage easements from all Defendants except H.C. Drilling Corporation and Lewis Stewart. ECF No. 19 at 3.

H.C. is the record title owner of the oil and gas underlying an approximately 0.4 acre parcel in Steuben County with Parcel I.D. No. 364.05-02-051.000. *See* ECF No. 1, Ex. B. Stewart is the record title owner of the oil and gas underlying an approximately 46 acre parcel in Steuben County with Parcel I.D. No. 399.00-01-005.000. *See id.* Only 3.36 acres are within the boundaries of the Complex. *See id.*

Dominion seeks easements for the storage of natural gas under the properties of H.C. and Stewart. ECF No. 1, ¶¶ 10-11. The easements do not grant Dominion any interest in the surface of the properties and will have no impact on the surface of the properties. *Id.*

Dominion was unable to locate contact information for H.C. and Stewart. ECF No. 19 at 3. Consequently, Dominion served both Defendants by notice of publication pursuant to Federal Rule of Civil Procedure 71.1(d)(3)(B) in The Daily Record on November 15, 22, and 29, 2016, and in The Steuben Courier Advocate on November 20, 27, and December 4, 2016. *See* ECF No. 8. H.C. and Stewart have neither appeared nor responded to Dominion's motion.

## LEGAL STANDARD

A motion for summary judgment should be granted where the moving party shows that "there is no genuine dispute as to any material fact" and that the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute regarding such a fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Thus, when presented with a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

It is the movant's burden to establish that no genuine and material factual dispute exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To that end, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003). That is not to say that the non-moving party bears no burden. Rather, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Indeed, where the non-moving party fails to respond to a motion for summary judgment, "the court may consider as undisputed the facts set forth in the moving party's affidavits." *Gittens v. Garlocks Sealing Techs.*, 19 F. Supp. 2d 104, 109 (W.D.N.Y. 1998); *see also* Fed. R. Civ. P. 56(e)(3).

To be clear, the non-moving party's failure to respond to a motion for summary judgment does not itself justify granting summary judgment. *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) (noting that, even where the non-moving party "chooses the perilous path of failing to submit a response to a summary judgment motion," the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden"). The Court must be satisfied that the moving party's assertions are supported by citations to evidence in the record. *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). And the motion may be granted "only if the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) (internal quotation marks omitted).

## DISCUSSION

The Natural Gas Act authorizes the holder of a Certificate of Public Convenience and Necessity to condemn property rights necessary to construct, operate, and maintain a pipeline or for the transportation of natural gas:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas . . . it may acquire the [right-of-way] by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f(h). An easement to "transport" natural gas includes the authorization to store it. *Nat'l Fuel Gas Corp. v. 138 Acres of Land*, 84 F. Supp. 2d 405, 410 (W.D.N.Y. 2000).

A party seeking an easement for storage of natural gas under Section 717f(h) must show (1) that it holds a FERC Certificate of Public Convenience and Necessity, (2) the property interests at issue are necessary for the natural gas storage, and (3) it was unable to acquire the easement via agreement. 15 U.S.C. § 717f(h).

First, Dominion holds the necessary Certificate. FERC's predecessor granted Dominion's predecessor-in-interest the Certificate on June 14, 1957, which authorized development of the Complex. ECF No. 1, Ex. A. FERC then granted Dominion another Certificate on November 17, 2011, for the Complex's protective boundary and an authorized reduction in the active reservoir acreage of the Complex. *Id.* The 2011 Certificate refers to the 1957 Certificate. *Id.*

Second, it is undisputed that the portions of H.C. and Stewart's property at issue are necessary for Dominion to store natural gas. Dominion deems the property interests necessary for their storage of natural gas. *See* ECF Nos. 1, 19. Indeed, the property portions at issue are located within the boundary of the Complex. ECF No. 1, Ex. B. FERC granted Dominion Certificates in 1957 and 2011 to transport and store natural gas in the Complex because it is a matter of public necessity and convenience. ECF No. 1, Ex. A.

Third, it is undisputed that Dominion was unable to acquire the easement via agreement with H.C. and Stewart. To date, Dominion has had no contact with H.C. or Stewart. ECF No. 19

5

at 3. Even after serving both Defendants by publication, Dominion did not locate either Defendant or a successor-in-interest. Consequently, no negotiations could have occurred.[2]

Dominion has satisfied all three requirements of Section 717f(h). Accordingly, the Court finds that Dominion may acquire the easements in the stated portions of H.C. and Stewart's properties by eminent domain. The final issue for the Court is whether H.C. and Stewart are entitled to just compensation for the partial taking of their properties.

In an eminent domain action, the property owners bear the burden of establishing what constitutes just compensation for the taking of their properties. *Millennium Pipeline Co. v. Certain Permanent & Temp. Easements*, 919 F. Supp. 2d 297, 299 (W.D.N.Y. 2013). In a partial taking, "just compensation is measured by the difference between the market value of the entire holding immediately before the taking and the remaining market value immediately thereafter of the portion of property rights not taken." *United States v. 68.94 Acres of Land*, 918 F.2d 389, 393 n.3 (3d Cir. 1990). Just compensation does not include consequential damages, such as lost profits, lost development opportunities, or frustration of plans. *United States v. General Motors Corp.*, 323 U.S. 373, 379-80 (1945).

Where a landowner has failed to meet its burden to demonstrate just compensation, this Court has awarded just compensation as demonstrated by the condemnor. *See Millennium Pipeline Co.*, 919 F. Supp. 2d at 302 ("[P]laintiff has offered no competent, admissible proof demonstrating the existence of any genuine issues of material fact as to the just compensation owed . . . The Court therefore accepts the conclusion of Millennium's expert witness.") The value of underground storage easements where there is no change in the market value of the property after the easement

---

[2] The Court notes that H.C. and Stewart have waived any objection to the condemnation of their property by not answering Dominion's Complaint. *See* Fed. R. Civ. P. 71.1(e).

6

is granted is $50 per acre. *Hardy Storage Co. v. Prop. Interests Necessary to Conduct Storage Gas Operations*, No. 2:07CV5, 2009 WL 689054, at *4 (N.D. W.Va. Mar. 9, 2009).

Here, the Court finds H.C. is entitled to $20, and Stewart is entitled to $168 in just compensation.[3] Dominion has shown that the fair market value of the properties at issue would not change because of the easements. ECF No. 21 at 5, 8. Dominion has also shown that $50 per acre is just compensation for Defendants. *See Hardy Storage Co.*, 2009 WL 689054, at *4. Obviously, neither Defendant has met their burden of establishing just compensation in this case, nor do they dispute Dominion's determination that $50 per acre is just compensation. Accordingly, H.C. is entitled to $20 in just compensation, and Stewart is entitled to $168 in just compensation. The Court hereby orders Dominion to deposit the required payments with the Clerk of Court pursuant to Federal Rule of Civil Procedure 67(a).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, ECF No. 18, is GRANTED. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 1, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[3] $50 per 0.4 acres equals $20 for H.C. and $50 per 3.36 acres equals $168 for Stewart.